UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEL EDDY COLEGROVE, | Case No.: 13-CV-00096-LHK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| MARTIN HOSHINO, et al., | |
| Defendant. | |

Petitioner Del Eddy Colegrove ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction and sentence. The Court hereby ORDERS Respondents Acting Secretary of the California Department of Corrections and Rehabilitation Martin Hoshino and Warden P.D. Brazelton ("Respondents") to show cause why a writ of habeas corpus should not be granted.

**I.    DISCUSSION**

   **A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing

1

the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

As grounds for habeas relief, Petitioner claims that Petitioner was deprived of Petitioner's right to due process when his trial counsel failed to advise Petitioner that the approximately 124 year maximum sentence could be imposed if Petitioner was convicted, and instead advised Petitioner that he would face only 16-24 years of imprisonment if convicted. Liberally construed, the claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

## II. CONCLUSION

1. The Clerk shall serve by mail a copy of this order, Petitioner's Petition (ECF No. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within thirty days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within ninety days of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within fifteen days of the date any opposition is filed.

2

Case No.: 13-CV-00096-LHK
ORDER TO SHOW CAUSE

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 12, 2013

_____
LUCY H. KOH
United States District Judge