# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DEL EDDY COLEGROVE,<br><br>   Petitioner,<br><br>v.<br><br>MARTIN HOSHINO, et al.,<br><br>   Respondent. | Case No. 13-cv-00096-BLF<br><br>**ORDER DENYING PETITIONER'S MOTION TO EXPAND THE RECORD**<br><br>[ECF 19] |

Pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 7"), Petitioner Del Eddy Colegrove moves this Court to expand the record in the above-captioned habeas matter to include three declarations from members of his immediate family, which he contends are relevant and material to Petitioner's Writ of Habeas Corpus. Having reviewed the parties' filings and the relevant case law, the Court DENIES Petitioner's Motion. The Court finds that Petitioner is not entitled to expand the record because he was not diligent in properly presenting to the state court the information contained in these declarations.

**I.    BACKGROUND**

On July 25, 2009, Petitioner was convicted by a jury of a number of sexual offenses against Jane Doe, committed in 2007 and 2008. On November 13, 2009, Petitioner was sentenced to a term of 64 years in prison. Petitioner filed for state habeas relief on February 4, 2011. (ECF 16, Exh. F) An unpublished opinion of the California Court of Appeal for the Sixth District affirmed the judgment in its entirety on October 28, 2011 (Case No. H035143, ECF 16, Exh. I), and on that same date summarily denied Petitioner's request for state habeas corpus relief in a one-sentence order. (*See* ECF 16, Exh. J) Petitioner appealed to the California Supreme Court (Case No. S198496, ECF 15, Exh. N), which summarily denied his Petition for Writ of Habeas Corpus

on April 11, 2012. (*Id.*) Pursuant to 28 U.S.C. § 2254, Petitioner then filed for federal habeas corpus relief on January 8, 2013. (Petition, ECF 1)

In his Petition, Petitioner alleges that his trial counsel was ineffective because, during the plea bargaining process, she failed to properly inform him of the maximum sentence he was facing were his case to proceed to trial. (*See* Petition, ECF 1 at 10-11) Petitioner alleges that he was offered a plea agreement prior to trial, which if accepted would have resulted in a maximum sentence of fifteen years in prison. Petitioner claims he did not accept this plea offer on the advice of his counsel. (*See, e.g.*, Mot. at 3) Petitioner claims that, had he known the actual maximum sentence he faced – 59 years, 4 months at the time the plea bargain was offered, and 188 years, 2 months at the time of sentencing due to the addition of other charges –he "would have accepted the offer of plea agreement and would not have proceeded to trial." (Petition, ECF 1 at 11)

Petitioner filed a declaration in his state court habeas petition which he contends "was sufficient to provide [either the Court of Appeal or Supreme Court] with grounds for granting his petition." (Mot. at 2; *see also* Declaration of Del Eddy Colegrove, ECF 16, Exh. F at 40-41) He now moves to expand the record to include three additional declarations: one each from his mother, Sandy Mondani (ECF 26 at 3); his stepfather, Tom Richards (ECF 26 at 6); and his brother, Dustin Colegrove (ECF 26 at 10). Each witness declares that he or she was present for one of two meetings between Petitioner and his trial counsel where a plea agreement of fifteen years was discussed, and each states that counsel told Petitioner he would receive a sentence of less than fifteen years if convicted at trial. (*See ids.*)

Respondent opposes Petitioner's Motion on several grounds, including that Petitioner was not diligent in developing the factual basis underlying the declarations during his state court proceeding. (*See* ECF 23 at 5-6)

**II. LEGAL STANDARD**

Rule 7 provides that "[i]f the petition [for habeas corpus] is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a). Such materials can include letters "predating the filing of the petition," along with documents, exhibits, answers under other to written interrogatories propounded by the judge, and

1  affidavits. *See* Rule 7(b). Rule 7 permits the Court to expand the evidentiary record without
2  holding an evidentiary hearing. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir.
3  2005). A petitioner who seeks to expand the record without a hearing must meet the same
4  requirements as a petitioner seeking to obtain an evidentiary hearing under 28 U.S.C. §2254(e)(2).
5  *See Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (per curiam) (finding that the restrictions of
6  § 2254(e)(2) "apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an
7  evidentiary hearing") (emphasis in original).

8  Section 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act of
9  1996 ("AEDPA"), 110 Stat. 1214, substantially limits the district court's power to conduct an
10  evidentiary hearing in habeas cases, and therefore also sharply limits the ability of petitioners to
11  expand the evidentiary record beyond what was presented to the state court. "A habeas petitioner
12  must develop the factual basis of his claim in the state court proceedings rather than in a federal
13  evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due
14  diligence could not have previously discovered the facts." *Cox v. Burger*, 398 F.3d 1025, 1030
15  (8th Cir. 2005) (citing Section 2254(e)(2)). A petitioner seeking to expand the record must show
16  that he was "diligent in his efforts" to put the evidence before the state court, which "depends on
17  whether the prisoner made a reasonable attempt, in light of the information available at the time, to
18  investigate and pursue claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000). Lack
19  of diligence includes "the failure to investigate or develop a claim given knowledge of the
20  information upon which the claim is based." *Cooper-Smith*, 397 F.3d 1236, 1241.

21  **III.  DISCUSSION**

22  A petitioner who has not been diligent in his efforts to develop the factual basis of his
23  claim in state court is not permitted to expand the record when seeking federal habeas relief. *See,*
24  *e.g.*, *Cooper-Smith*, 397 F.3d 1236, 1241 ("To meet the burden § 2254(e)(2) imposed, Petitioner
25  had to show that his claim was based either on a new retroactive rule of constitutional law, or on a
26  factual predicate that could not have been previously discovered through the exercise of due
27  diligence."). Here, Petitioner alleges no retroactive rule of constitutional law that may apply to his
28  claim. Thus, as conceded by Petitioner in his briefing (*see* Reply, ECF 24 at 11), he must show

3

that he was diligent in developing the information contained in these declarations before the state court in order for this Court to expand the record to include the three declarations. The Court finds that Petitioner has not made the necessary showing of diligence.

Petitioner contends he was diligent in expanding the record because his state appellate counsel "initiated an investigation that would have uncovered evidence to be offered in state court," but was unable to offer the evidence contained in the declarations because "the investigation was cut short by the courts' summary dismissal of the petitions." (Reply, ECF 24 at 11) Petitioner argues that "[it] is unrealistic to expect a petitioner to produce all his evidence at the time of the petition," and that an investigation that begins while the petition is pending is sufficient to show due diligence, even if the evidence obtained in that investigation is not ultimately put before the state court. (*Id.* at 13)

The Court, however, finds Petitioner's argument unpersuasive. Petitioner seeks to expand the record to include three declarations, from immediate family members, which discuss conversations that took place *prior to his sentencing* and *at which Petitioner was present.* The Mondani and Richards declarations both describe a December 5, 2008 meeting at counsel's office, also attended by Petitioner, where counsel discussed with Petitioner whether to accept the fifteen year plea bargain. (*See* ECF 26 at 4 ¶¶ 6-7; *id.* at 7 ¶¶ 6-7) Dustin Colegrove's declaration describes a July 22, 2009 lunch with counsel and Petitioner, in which the plea bargain was discussed, and states that Petitioner was not informed of the maximum sentence he could have received were he convicted. (*Id.* at 10-11, ¶¶ 4-8) Petitioner therefore had knowledge of the factual bases of the declarations.

In support of his argument, Petitioner cites *Harrison v. Quarterman*, a Fifth Circuit case in which a petitioner attempted to expand his habeas record to include an affidavit of a witness not called at trial. 496 F.3d 419, 428-29 (5th Cir. 2007). The petitioner in *Harrison* alleged in his state habeas petition that the failure to call this witness by his trial counsel, among other grounds, amounted to ineffective assistance of counsel, *id.* at 425, but did not provide an affidavit from the witness in the state court proceeding because, he alleged, the Texas Department of Criminal Justice "prevented him from corresponding with [the witness]." *Id*. at 428. *Harrison* ultimately

4

held that these facts "do not demonstrate that [petitioner] did not diligently attempt to develop the factual basis of his ineffective assistance of counsel claim in state court." *Id.* Harrison's inability to speak with the witness until *after* the filing of his state habeas petition did not foreclose him from expanding the record in his federal petition, as he could still show that he "made a reasonable attempt" to investigate and pursue his claims in state court. *Id.* at 429.

The facts of this case are far different from the facts in *Harrison*. The declarations Petitioner seeks to put before the Court now are from family members, not third party witnesses. Petitioner was present at the meetings the witnesses describe in their declarations, and thereby knew the factual basis for the statements in the declarations. Petitioner himself included a declaration of his own with his original state habeas petition. (ECF 16, Exh. F at 40-41) Simply, Petitioner could have asked his family members to submit these declarations in his initial state proceeding, and did not do so. This is not a circumstance in which Petitioner's counsel needed to undertake an investigation to uncover *new* information after the filing of the state habeas petition.

Under California law, a Petitioner is expected, at the time he files his state habeas petition, that he will "(i) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, *including pertinent portions of trial transcripts and affidavits or declarations.*" *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) (emphasis added). Petitioner filed for state habeas relief in February 2011, over two years after the conversation took place that is the subject of the Mondani and Richards declarations, and nearly eighteen months after the conversation described in Dustin Colegrove's declaration. Petitioner's counsel thus needed no additional investigation to seek out these declarations – Petitioner was present for these meetings, had knowledge of what was said during them and who was present at them, and yet did not file the declarations in state court. It would run afoul of Section 2254(e)(2), and thus the policy constraints underpinning AEDPA, for this Court to permit Petitioner to file these declarations now, when Petitioner was not diligent in attempting to present them to the state court. *See Williams v. Taylor*, 529 U.S. 420, 435 (2000) ("Diligence for purposes of [§2254(e)(2)] depends on whether the prisoner made a reasonable attempt, *in light of the information available at the time*, to investigate and pursue claims in state court.")

1  (emphasis added). Plainly, the information included in the three declarations Petitioner now seeks to put before the Court was available to Plaintiff at the time of his state habeas proceeding. As such, Petitioner is foreclosed from expanding the record to include them now.

## IV. ORDER

For the foregoing reasons, Petitioner's Motion to Expand the Record is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 5, 2014

_____
BETH LABSON FREEMAN
United States District Judge